**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GASPAR RODRIGUEZ MEDINA,

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center, et al.,

Respondents.

CASE NO. 5:26-cv-05034-PA-SK

**ORDER STAYING PETITION FOR 30 DAYS**

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is stayed for 30 days so that petitioner can request and obtain a prompt custody redetermination hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The default briefing schedule under General Order 26-05 is thus suspended.

If petitioner needs more than 30 days to request and obtain that custody redetermination hearing, he may file a letter with the court before the end of the 30 days asking for a reasonable extension of the stay supported by an explanation why he could not secure the hearing with an immigration judge within 30 days of this order. Petitioner must request that hearing in the meantime or prove that the request was denied.

Otherwise, by no later than 30 days of this order (or by no later than the end of any court-extended deadline), petitioner should do one of the following:

(1) If after the hearing he is released from physical custody on satisfactory terms, file a letter voluntarily dismissing this petition without prejudice. *See* Fed. R. Civ. P. 41(a).

(2) If he is ordered detained at the hearing but claims that the immigration judge committed a reviewable error of law or a reviewable abuse of discretion in the application of law to established facts, file a first amended petition raising that claim.[1] *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024); *Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026); *see also* 8 U.S.C. § 1226(e).

If a first amended petition is filed on time in compliance with this order, respondents shall have up to 21 days to answer the first amended

[1] Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under § 2241. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923); *see also Lopez-Mendoza*, *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (The "body" of an unlawfully arrested detainee is not "itself suppressible as a fruit of an unlawful arrest."); *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("[D]efects in an arrest are not cognizable in habeas corpus."); *Sormunen v. Nagle*, 59 F.2d 398, 398-99 (9th Cir. 1932) (habeas petitioner's "contention that he was taken in custody prior to the issuance of a warrant of arrest is immaterial"); *Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932) ("Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law.") (quoting *Bilokumsky*, 263 U.S. at 158). "So no matter the circumstances of the arrest that brought him into custody initially, petitioner will have the chance to obtain release—and thus supersede his initial seizure—at a custody redetermination hearing before an immigration judge." *Mendez v. Senior Warden*, No. 5:26-CV-03901-DOC, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026).

petition, provided that they file a transcript of the bond hearing (or at least lodge a digital audio recording of the bond hearing) with their answer. Petitioner may then have up to 21 days to file his reply to respondents' answer.

Nothing in this order, however, is intended to foreclose or prejudice the parties' merits and procedural positions—including on whether administrative exhaustion in the Board of Immigration Appeals should be enforced or excused. *See*, *e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007).

Petitioner is warned that if he files nothing in compliance with this order, this action may be involuntarily dismissed for lack of prosecution and failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); Local Civ. R. 41-1.

IT IS SO ORDERED.

DATED: September 8, 2026

STEVE KIM
United States Magistrate Judge