**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GASPAR RODRIGUEZ MEDINA,<br>Petitioner,<br>v.<br>WARDEN, Adelanto ICE Processing Center, et al.,<br>Respondents. | Case No. 5:26-cv-05034-PA (SK)<br>**ORDER DISMISSING HABEAS PETITION** |

Petitioner Gaspar Rodriguez Medina is a citizen of Honduras detained at the Adelanto ICE Processing Center pending removal proceedings. Claiming that he was arrested by immigration authorities without a warrant and that his detention violates substantive due process, petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF 1). But because petitioner (as a first-time detainee apprehended in the country's interior) was entitled to—but had not requested—a prompt custody redetermination hearing under 8 U.S.C. § 1226(a), *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), his petition was stayed for 30 days so that he could promptly seek release on bond before an immigration judge. (ECF 10). He was then ordered to notify the court (and voluntarily dismiss the petition) if ordered released or else to file a first

amended petition if he intended to challenge the immigration judge's detention order. (*Id.*). As pertinent here, petitioner was warned that if he filed nothing after 30 days, this action could be involuntarily dismissed for lack of prosecution and failure to comply with the court's order. (*Id.*).

More than 30 days have now passed, but petitioner has filed nothing in response to the court's prior stay order. Nor has petitioner timely filed a request for more time to respond. And there is no evidence (such as returned undeliverable mail) to suggest that petitioner did not receive the court's order. In that posture, the court exercises its discretion to dismiss this action for lack of prosecution and noncompliance with court orders. *See* Fed. R. Civ. P. 41(b); Local Rule 41-1. In so doing, the court has considered (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the parties; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); *see also Gibbs v. Hedgpeth*, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding). Each of these factors supports dismissal.

The public's interest in the expeditious resolution of litigation "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also supports dismissal given the

overwhelming number of immigration habeas petitions being filed in this district. The prejudice factor tilts in favor of dismissal, too, "even in the absence of a showing of actual prejudice" because the "law presumes injury from unreasonable delay." *Southwest Marine, Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) (cleaned up); *see In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). And no less drastic sanctions—besides the warning already given to petitioner—are practically available given petitioner's pro se and in forma pauperis status. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, while the public policy favoring disposition of an action on its merits generally weighs against dismissal, petitioner also shares responsibility in moving his petition towards that merits disposition. *See Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228.

For all these reasons, the petition under 28 U.S.C. § 2241 is ordered DISMISSED without prejudice for want of prosecution and noncompliance with court orders. Any pending motions (e.g., ECF 2) are DENIED as moot. Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED: October 27, 2026

PERCY ANDERSON
United States District Judge

PRESENTED BY:

STEVE KIM
United States Magistrate Judge